1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

8    JASON XERXES DENNIS,

9                          Plaintiff,          Case No. C20-1347-BHS-MLP

10         v.

11    GOOGLE/GOOGLE PLUS, *et al*.,              REPORT AND RECOMMENDATION

12                          Defendants.

13

## I.    INTRODUCTION AND SUMMARY CONCLUSION

14

15         This is a *pro se* civil rights action proceeding under 42 U.S.C. § 1983. Service has not

16    been ordered. This Court, having reviewed Plaintiff's complaint, and the balance of the record,

17    concludes that Plaintiff has not stated a cognizable claim for relief in this action. The Court

18    therefore recommends that Plaintiff's complaint and this action be dismissed with prejudice

19    pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.    DISCUSSION

20

21         On September 10, 2020, Plaintiff Jason Dennis submitted to the Court for filing a

22    prisoner civil rights complaint under 42 U.S.C. § 1983 together with an application to proceed

23

REPORT AND RECOMMENDATION
PAGE - 1

1   with this action *in forma pauperis*. (*See* Dkt. # 1.) Plaintiff alleged in his complaint that the

2   Defendants identified therein violated his rights under the Fourth, Fifth, and Fourteenth

3   Amendments when they used Google applications to track his movements and attempted to have

4   him killed. (Dkt. # 4 at 4-8.) Plaintiff asserted that his life is constantly in danger as a result of

5   Google's "evil plots" and that he is terrified. (*See id.*) He named Google/Google Plus and Virgie

6   Garabilez Dennis, his ex-wife, as Defendants in this action. Plaintiff requested $124 million in

7   damages. (*Id.* at 9.)

8        On October 14, 2020, Plaintiff's application to proceed *in forma pauperis* was granted

9   and his complaint was filed. (Dkt. ## 3-4.) On the same date, this Court issued an Order directing

10  Plaintiff to show cause why this case should not be dismissed for failure to identify any viable

11  Defendant. (Dkt. # 5.) The Court explained in its Order to Show Cause that to state a claim for

12  relief under 42 U.S.C. § 1983, a plaintiff must show (1) that he suffered a violation of rights

13  protected by the Constitution or created by federal statute, and (2) that the violation was

14  proximately caused by a person acting under color of state law. (*Id.* at 2, citing *Crumpton v.*

15  *Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).) The Court further explained that acting "under

16  color of state law" requires that a defendant have exercised power "possessed by virtue of state

17  law and made possible only because the wrongdoer is clothed with the authority of state law."

18  (*Id.*, citing *West v. Atkins*, 487 U.S. 42, 49 (1988).)

19       The Court observed that the only Defendants identified in Plaintiff's complaint were

20  Google/Google Plus, a private company, and Ms. Dennis, a private citizen, and that Plaintiff had

21  alleged no facts suggesting that either of these Defendants could be properly deemed a state actor

22

23

REPORT AND RECOMMENDATION
PAGE - 2

for purposes of this civil rights action. Thus, the Court explained, Plaintiff had not identified a viable Defendant in this action.

On November 2, 2020, Plaintiff filed a response to the Order to Show Cause. (Dkt. # 6.) Though Plaintiff's response is somewhat difficult to understand, he appears to reiterate the facts previously alleged in support of his claims and to assert that Google is a viable Defendant because the company is ultimately responsible for the harm alleged in his complaint. (*Id*. at 2-3.) Plaintiff requests that he be permitted to exercise his right as a U.S. citizen to pursue his claims against Google. (*See id*. at 1, 3.) He also requests that the Court not dismiss this action but, instead, set it aside until January when he will be released from custody and will have access to materials he appears to believe will support his claims. (*Id*.)

Plaintiff maintains that Google is a viable Defendant in this action but he alleges no facts in his complaint or in his response to the Order to Show Cause demonstrating that Google, Google Plus, or Ms. Dennis were acting "under color of state law" when they engaged in the alleged conduct which gave rise to Plaintiff's complaint. Plaintiff's failure to identify any state actor as a Defendant is fatal to this action. It would serve no purpose to continue this case until Plaintiff is released from custody as nothing in Plaintiff's materials suggests there is any basis to have the named Defendants held liable in an action brought under § 1983.

### III.    CONCLUSION

Based on the foregoing, this Court recommends that Plaintiff's complaint and this action be dismissed with prejudice, under 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to identify any Defendant subject to suit under § 1983. The Court further recommends that this dismissal be

REPORT AND RECOMMENDATION
PAGE - 3

counted as a strike under 28 U.S.C. § 1915(g). A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **December 18, 2020**.

DATED this 24th day of November, 2020.


MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 4